UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD T. JOHNSTON,

    Plaintiff,

v.                                         Case No. 18-CV-0572

CITY OF WEST ALLIS and
DAN DEVINE,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

Ronald Johnston brings this lawsuit against the City of West Allis and West Allis Mayor Dan Devine, alleging they improperly took his land. (Docket # 1.) The defendants move to dismiss Johnston's complaint on multiple grounds. (Docket # 5.) For the reasons that follow, the defendants' motion to dismiss is granted.

## COMPLAINT ALLEGATIONS

Johnston filed his compliant on April 11, 2018. Johnston alleges that he purchased his home in West Allis in 1963. (Docket# 1 at 3.) He also alleges that at that time, the City informed him "that two feet of the 120 feet must be put aside for underground electric service on each side end line with us maintain ownership of our land. Any fence must be put two feet from end line." (*Id.*) Then, in 2000, the City "decided not to put underground electric service in and declare this as extra land is owned by the city without paperwork." (*Id.*) Johnston alleges that he pays taxes on the full 120 feet, but the "land owner," which I presume refers to the City, pays no taxes on the "extra land." (*Id.*)

Johnston seeks help "with all federal laws on land ownership, time length of residence before running for leader office and any other federal laws that are needed." (*Id.*) He states, "I want my land returned to me without any attached fence on my property. Also other property owners should have land returned without fences." (*Id*. at 4.)

**ANALYSIS**

Construing Johnston's complaint liberally, as I must, he alleges that the City of West Allis and Mayor Dan Devine improperly took his land, a taking and due process claim under 42 U.S.C. § 1983. The defendants move to dismiss arguing that (1) the complaint is barred by the statute of limitations; (2) the court lacks subject-matter jurisdiction; (3) Johnston fails to state a claim upon which relief can be granted; (4) Johnston failed to provide adequate notice under Wis. Stat. § 893.80; (5) Mayor Dan Devine cannot be sued in his official capacity; and (6) the court lacks personal jurisdiction based on insufficient service of process.

I begin with defendants' statute of limitations argument. In § 1983 actions, federal courts adopt the forum state's statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). While the statute of limitations is grounded in state law, the accrual date of a § 1983 cause of action is a question of federal law "conforming in general to common-law tort principles." *Id.* at 387-88. A § 1983 claim accrues "'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (quoting *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)).

In his complaint, Johnston appears to allege that the City took his property in 2000.[1] At that time, the statute of limitations to challenge such an action was six years. Wis. Stat. §

---

[1] In his letter dated September 19, 2018 (Docket # 15), Johnston states, "In 2015, I lost my land and to protest this action was left with the city land committee with no control over results and therefore never signed up with land

2

893.52 (1999–2000). Accordingly, Johnston would have needed to bring this cause of action by 2006. Johnston filed this lawsuit in 2018, twelve years after the statute of limitations expired. As a result, any constitutional or property claim based on actions defendants took in 2000 is time-barred.

Even if this lawsuit were not time-barred, I would still need to dismiss it for failure to exhaust state remedies. Before a property owner brings a takings claim to federal court, he has to exhaust available state remedies. *Muscarello v. Ogle County Board of Commissioners*, 610 F.3d 416, 422 (7th Cir. 2010). Johnston would need to have obtained a final decision from the relevant state entity regarding the taking of his land and have sought compensation for the taking through the procedures that entity has provided. *Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 930 (7th Cir. 2005). In his complaint, Johnston offers no indication that he has exhausted available state remedies. His letter of September 19, 2018 appears to confirm this by stating that he "was left with the city land committee with no control over results and therefore never signed up with land committee." (Docket # 15 at 2.)

Because this action is time-barred and Johnston appears not to have exhausted his available state remedies, I need not address defendants' additional arguments for dismissing the complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion to dismiss (Docket # 5) is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

---

committee." If Johnston believes that the City took his property in 2015, rather than in 2000 as apparently stated in the complaint, he would have needed to amend the complaint under Federal Rule of Civil Procedure 15(a)(1). Because the complaint gives the date as 2000, not 2015, I must use 2000 as the date of the alleged taking for purposes of this motion.

Dated at Milwaukee, Wisconsin this 11th day of October, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge